Michael T. Pipkin
State Bar No. 24122988
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 580-2570
Facsimile: (888) 467-5979
Email: mpipkin@romclaw.com

COUNSEL FOR DEFENDANT,
MEDIA CULTURE, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WEIGEL BROADCASTING CO., an Illinois corporation, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:25-cv-02695-X |
| MEDIA CULTURE, INC., a Texas corporation, | § § § § | |
| Defendant. | § § | |

**DEFENDANT MEDIA CULTURE, INC.'S ANSWER TO COMPLAINT**

COMES NOW, Defendant Media Culture, Inc. ("Defendant") and files this Answer to Plaintiff's Complaint:

**NATURE OF ACTION**

1.    Defendant admits Plaintiff brings this civil action against Defendant seeking payment of amounts alleged to be owed in the amount of at least $1,802,522.75.

2.    Defendant denies Paragraph 2.

**PARTIES**

3.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 3, therefore, Defendant denies the same.

1

4.    Defendant admits that the information and service address concerning the Defendant found in Paragraph 4 is correct.

## JURISDICTION AND VENUE

5.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 5, therefore, Defendant denies the same.

6.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 6, therefore, Defendant denies the same.

7.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 7, therefore, Defendant denies the same.

## THE FACTS

8.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 8, therefore, Defendant denies the same.

9.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 9, therefore, Defendant denies the same.

10.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 10, therefore, Defendant denies the same.

11.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 11, therefore, Defendant denies the same.

12.    Defendant admits that its operations, in part, include representation of advertisers for the purpose of placing their ads on television.

13.    Defendant admits that four of its advertiser clients include National Debt Relief ("NDR"), Inogen, Inc. ("Inogen"), Safe Step Walk in Tub, LLC ("Safe Step"), and NeoTract, Inc. ("NeoTract") (collectively, the "Advertisers").

2

14.    Defendant admits that its standard practice when representing an advertiser includes billing the advertiser and paying Plaintiff after being paid. However, Defendant denies Paragraph 14 to the extent that not all of Defendant's work involves remitting payments to Plaintiff.

15.    Defendant admits that it derives profits from the interactions involving advertisers and Plaintiff.

16.    Defendant admits that it placed many orders with Plaintiff between January 2025 and August 2025, but it lacks sufficient information to admit or deny the number placed and therefore denies the same.

17.    Defendant admits Paragraph 17.

18.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 18, therefore, Defendant denies the same.

19.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 19, therefore, Defendant denies the same.

20.    Defendant admits that Plaintiff sent invoices, but it lacks sufficient information to admit or deny the timing of those invoices being sent and therefore denies the same.

21.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 21, therefore, Defendant denies the same.

22.    Defendant admits that the invoices contain the content stated in Paragraph 22, but it denies that the invoices serve to confirm the placement of advertisements.

23.    Defendant admits that the invoices reflect charges for the preceding month.

24.    Defendant admits that unpaid invoices may be assessed a late fee.

25. Defendant admits that some amount is owed for NDR advertisements, but Defendant lacks knowledge or information sufficient to admit or deny the amount alleged in Paragraph 25, therefore, Defendant denies the same.

26. Defendant admits that some amount is owed for Inogen advertisements, but Defendant lacks knowledge or information sufficient to admit or deny the amount alleged in Paragraph 26, therefore, Defendant denies the same.

27. Defendant admits that some amount is owed for Safe Step advertisements, but Defendant lacks knowledge or information sufficient to admit or deny the amount alleged in Paragraph 27, therefore, Defendant denies the same.

28. Defendant admits that some amount is owed for NeoTract advertisements, but Defendant lacks knowledge or information sufficient to admit or deny the amount alleged in Paragraph 28, therefore, Defendant denies the same.

29. Defendant admits that payments were received from NDR for advertisements run by Plaintiff.

30. Defendant admits that it has not remitted some amounts owed to Plaintiff for NDR advertisements, but it lacks sufficient information to determine whether the amount above accurately reflects the amount owed and therefore denies the same.

31. Defendant admits that payments were received from Inogen for advertisements run by Plaintiff.

32. Defendant admits that it has not remitted some amounts owed to Plaintiff for Inogen advertisements, but it lacks sufficient information to determine whether the amount above accurately reflects the amount owed and therefore denies the same.

33.    Defendant admits that payments were received from Safe Step for advertisements run by Plaintiff.

34.    Defendant admits that it has not remitted some amounts owed to Plaintiff for Safe Step advertisements, but it lacks sufficient information to determine whether the amount above accurately reflects the amount owed and therefore denies the same.

35.    Defendant admits that payments were received from NeoTract for advertisements run by Plaintiff.

36.    Defendant admits that it has not remitted some amounts owed to Plaintiff for NeoTract advertisements, but it lacks sufficient information to determine whether the amount above accurately reflects the amount owed and therefore denies the same.

37.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 37, therefore, Defendant denies the same.

38.    Defendant admits to Paragraph 38.

39.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 39, therefore, Defendant denies the same.

40.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 40, therefore, Defendant denies the same.

41.    Defendant admits to Paragraph 41.

42.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 42, therefore, Defendant denies the same.

43.    Defendant lacks knowledge or information sufficient to admit or deny Paragraph 43, therefore, Defendant denies the same.

44.    Defendant admits to Paragraph 44.

45.     Defendant admits that no payments have been made to Plaintiff on behalf of the Plaintiff's invoices, but it lacks sufficient information to admit or deny the alleged balance and therefore denies the same.

46.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 46, therefore, Defendant denies the same.

## COUNT 1 – BREACH OF CONTRACT

47.     Defendant reincorporates the preceding paragraphs as if fully set out herein.

48.     Defendant admits that the advertisement orders placed by Defendant are valid and enforceable contracts.

49.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 49, therefore, Defendant denies the same.

50.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 50, therefore, Defendant denies the same.

51.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 51, therefore, Defendant denies the same.

52.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 52, therefore, Defendant denies the same.

53.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 53, therefore, Defendant denies the same.

54.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 54, therefore, Defendant denies the same.

55.     Defendant admits that it has not paid Plaintiff on certain advertisement orders, but it lacks sufficient information to admit or deny whether all of the advertisements orders were fulfilled and therefore denies the same.

56.     Defendant denies Paragraph 56.

57.     Defendant denies Paragraph 57.

## COUNT II – UNJUST ENRICHMENT

58.     Defendant reincorporates the preceding paragraphs as if fully set out herein.

59.     Paragraph 59 does not require a response from Defendant, but to the extent one is required, Defendant denies Paragraph 59.

60.     Defendant admits that a benefit was conferred by Plaintiff to Defendant during the January 2025 to September 2025 period.

61.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 61, therefore, Defendant denies the same.

62.     Defendant lacks knowledge or information sufficient to admit or deny Paragraph 62, therefore, Defendant denies the same.

63.     Defendant denies Paragraph 63.

64.     Defendant denies Paragraph 64.

65.     Defendant denies Paragraph 65.

66.     Defendant denies Paragraph 66.

67.     Paragraph 67 does not require a response from Defendant, but to the extent one is required, Defendant denies Paragraph 67.

68.     Defendant denies Paragraph 68.

**DEMAND FOR JURY TRIAL**

69.     Defendant does not oppose Plaintiff's request for a jury trial.

Defendant denies Plaintiff's Prayer for Relief and denies Plaintiff is entitled to the alleged

relief and damages.

**AFFIRMATIVE DEFENSES**

70.     Plaintiff has failed to mitigate damages if any.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff

take nothing herein, that Defendant be dismissed with its costs, and all other and further relief at

law or in equity to which Defendant may be justly entitled.

Dated: October 28, 2025.                              Respectfully submitted,

                                                      /s/ Michael T. Pipkin
                                                      Michael T. Pipkin
                                                      State Bar No. 24122988
                                                      ROCHELLE MCCULLOUGH, LLP
                                                      901 Main Street, Suite 3200
                                                      Dallas, Texas 75202
                                                      Telephone: (214) 580-2570
                                                      Facsimile: (888) 467-5979
                                                      Email: mpipkin@romclaw.com

                                                      COUNSEL FOR DEFENDANT,
                                                      MEDIA CULTURE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that, on October 28, 2025, a copy of the foregoing
Answer was electronically filed in this case by using the CM/ECF system and a copy was
served on the parties who receive notice via the Court's ECF notification system in this case.

                                                      /s/      Michael T. Pipkin
                                                              Michael T. Pipkin