UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WEIGEL BROADCASTING CO.,          §
                                  §
        *Plaintiff,*              §
                                  §
v.                                §          Civil Action No. 3:25-CV-2695-X
                                  §
MEDIA CULTURE INC. and            §
CHRISTINA GARDUNO,                §
                                  §
        *Defendants.*             §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Media Culture Inc. and Christina Garduno's (collectively "Media Culture") motion to dismiss (Motion). (Doc. 26). After reviewing the relevant filings and applicable law, the Court **DENIES** Media Culture's Motion.

To survive a Rule 12(b)(6) dismissal, a complaint must "state a claim upon which relief can be granted."[1] The complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."[2] And there must be enough facts for the Court to be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] In its evaluation, the Court construes the complaint liberally in favor of the plaintiff and accepts all well pled facts in the complaint as true.[4] But conclusory statements or legal conclusions are not credited.[5]

---

[1] FED. R. CIV. P. 12(b)(6).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[5] *See Ashcroft*, 556 U.S. at 678.

1

This case arises out of Media Culture's alleged failure to pay for 39 television advertisement orders that ran on networks owned or operated by Plaintiff Weigel Broadcasting Co. (Weigel).  As relevant here, Weigel alleges that after demanding payment for these advertisements, to the tune of $1,802,522.75, Media Culture knowingly issued two checks they knew would not clear and subsequently promised to tender wire payments to delay Weigel's collection efforts.[6]

Media Culture argues that Weigel's fraud claim should be dismissed because the alleged misrepresentations occurred after the parties entered into their agreement for the advertisements.  But Media Culture misunderstands the nature of Weigel's fraud claim.  Weigel does not allege that Media Culture fraudulently induced it to enter the parties' contract.  Rather, Weigel alleges that after the contract was formed, Media Culture knowingly made false representations regarding payment to delay collection of the outstanding debt.  So Media Culture's argument that Weigel cannot maintain a fraud claim because the alleged misrepresentations occurred after the parties entered into their agreement is inconsistent with controlling law because "[s]tatements that induce a plaintiff to refrain from acting are also actionable."[7]

The Court concludes that Weigel's amended complaint plausibly alleges each element of fraud and withstands Rule 12(b)(6) scrutiny.  Accordingly, the Court **DENIES** Media Culture's Motion.

---

[6] Doc. 22 ¶¶ 40–52.

[7] *Bohnsack v. Varco, L.P.*, 668 F.3d 262, 274 (5th Cir. 2012) (cleaned up).

**IT IS SO ORDERED** this 30th day of June, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

3