UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WEIGEL BROADCASTING CO., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-02695-X |
| | § | |
| MEDIA CULTURE, INC. and CHRISTENA GARDUNO, | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Weigel Broadcasting Co.'s (Weigel) motion for partial summary judgment against Defendant Media Culture, Inc. (Media Culture). (Doc. 31). After reviewing the motion, the briefing, and the applicable law, the Court **GRANTS** Weigel's motion and **STRIKES** the defendants' first amended answers because they do not comply with Federal Rule of Civil Procedure 8. (Docs. 52–54).

## I. Background

Media Culture placed thirty-nine orders with Weigel to run advertisements on Weigel's networks. Weigel and Media Culture agree that valid contracts exist. After the advertisements aired as ordered, Weigel sent 129 invoices to Media Culture for payment, totaling $1,802,552.75. Media Culture then issued two bad checks (as its CEO admits)[1] and has not paid Weigel since. So Weigel sued, seeking payment.[2]

[1] Doc. 49 at 1–2 (affidavit of Christena Garduno).

[2] Media Culture has consistently failed to participate in this litigation. Specifically, Media Culture failed to respond to Weigel's discovery requests in March 2026, failed to mediate the case by the Court's June 2026 deadline, failed to answer Weigel's First Amended Complaint after the Court denied its motion to dismiss, and failed to respond to this motion for summary judgment. Because the

## II. Legal Standard

District courts can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A dispute "is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."[4] If the movant presents a properly supported motion, "the burden shifts to the nonmoving party to show that summary judgment is inappropriate."[5] "[M]ere allegations or denials" will not suffice; nor will "unsubstantiated or conclusory assertions that a fact [dispute] exists."[6] The nonmovant must present "evidence sufficient to support a jury verdict."[7]

A party's failure to respond to a summary-judgment motion "does not permit entry of a 'default' summary judgment, but the court is permitted to accept the movant's evidence as undisputed."[8] District courts faced with an unopposed motion for summary judgment must "assess whether the movant has met the burden of establishing the absence of a genuine [dispute] of material fact regardless of whether any response was filed."[9] So the district court cannot grant an unopposed motion for

---

defendants have not answered Weigel First Amended Complaint, the admissions contained within the original answer remain live.

[3] FED. R. CIV. P. 56(a).

[4] *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (cleaned up).

[5] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[6] *Id.*

[7] *Id.*

[8] *Bass v. Fiesta Mart, LLC*, No. 3:22-CV-0861-X, 2023 WL 3635646, at *1 (N.D. Tex. May 23, 2023) (Starr, J.) (cleaned up).

[9] *Ervin v. Sprint Commc'ns. Co. LP*, 364 F. App'x 114, 118 (5th Cir. 2010) (per curiam).

summary judgment "simply because there is no opposition," but may do so "if the undisputed facts show that the movant is entitled to judgment as a matter of law."[10]

## III. Analysis

As an initial matter, the defendants' first amended answers at Docs. 52–54 are more akin to a state court general denial and do not comply with Federal Rule of Civil Procedure 8. As a result, the Court strikes these answers. The original answer remains on file and admits that a valid contract exists and that Media Culture at least partially breached.

The Court now turns to Weigel's motion arguing that it conclusively wins on the contract claim. Weigel presents a valid breach of contract claim against Media Culture. To succeed in a breach of contract claim, a plaintiff must show the (1) existence of a valid contract, (2) plaintiff's performance, (3) defendant's breach, and (4) damages.[11]

Weigel's motion meets all elements. First, the parties agree that valid contracts exist.[12]

Second, Weigel performed on those contracts because all advertisements Media Culture ordered ran on the Networks as ordered.[13] Media Culture did not respond to

---

[10] *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam).

[11] *See Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.).

[12] Doc. 10 at 6 ("[Media Culture] admits that the advertisement orders placed by [Media Culture] are valid and enforceable contracts." (cleaned up)).

[13] Doc. 33 at 279 (Declaration of Alvin Pritchard) ("Weigel fully performed all of its obligations under its contract with Media Culture, including by airing all requested advertisements on its networks in accordance with the advertising orders.").

Weigel's motion, nor did it present any evidence in the contrary. So the Court accepts Weigel's evidence as undisputed, which shows that Weigel performed.

Third, Media Culture breached those contracts because it failed to pay its invoices to Weigel,[14] which Media Culture acknowledges at least in part.[15]

Fourth, Weigel suffered $1,802,522.75 in damages from the unpaid invoices.[16] Media Culture presents no evidence to dispute the amount that it owes Weigel under the invoices and did not respond to Weigel's motion. So the Court accepts the Weigel's evidence of unpaid invoices totaling $1,802,522.75 as undisputed.

Construing all the evidence—or lack thereof—in a light most favorable to Media Culture, it has failed to show that a reasonable juror could find that Weigel failed to show any element of its breach of contract claim. So the Court **GRANTS** Weigel's partial motion for summary judgment.

## IV. Conclusion

For the above reasons, the Court **GRANTS** Weigel's motion for partial summary judgment against Media Culture. The Court awards Weigel $1,802,522.75 in damages.

The Court cannot enter a final judgment because Weigel's partial motion for summary judgment does not address its fraud or unjust enrichment claims. The Court **ORDERS** Weigel to either move to dismiss its remaining claims or to file a

[14] Doc. 33 at 279 ("Media Culture failed to pay the amounts reflected in the invoices described above.").

[15] Doc. 10 at 4–5; Doc. 49 at 1–2 (admitting that Media Culture's checks did not clear).

[16] Doc. 33 at 279.

status report regarding whether it intends to move forward with its remaining claims within seven days of this Order. If Weigel does not dismiss its remaining claims, the Court will issue a meet and confer and enter a new scheduling order following the status report. The Court also **VACATES** the December 7, 2026 trial setting.

**IT IS SO ORDERED** this 4th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE